**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

**PACIFIC HOME IMPROVEMENT LLC**
**14005 Eagle Court**
**Rockville, Maryland 20853,**

**CIVIL CASE NO. 8:21-CV-1788**

**Plaintiff,**

**v.**

**JURY TRIAL NOT REQUESTED**

**MOISES RODRIGUEZ**
**6007 Sumner Road**
**Alexandria, Virginia 22310,**

**Defendant.**

**COMPLAINT FOR SPECIFIC PERFORMANCE OF REAL ESTATE CONTRACT**

## I. INTRODUCTION AND PARTIES

1. Plaintiff Pacific Home Improvement LLC ("PHI") is a limited liability company formed in the State of Maryland and maintaining its principal office in Montgomery County, Maryland.

2. Defendant Moises Rodriguez is a resident of the State of Virginia who owns real property in Prince George's County, Maryland, including a property at 10604 Ridge Drive, Clinton, Maryland 20735 (the "Property") which is the subject of the instant cause of action.

3. On March 16, 2021, Plaintiff submitted a contract offer to purchase the Property in consideration of a purchase price of $159,000 (the "Contract"). The Contract was ratified by Defendant on March 17, 2021. The Contract provided for settlement to occur March 31, 2021, at which time Plaintiff tendered the purchase price, closing costs and prorated real property taxes

through the tax year ending June 30, 2021.  Defendant failed to appear at the scheduled closing and, despite due demand, Defendant has refused to consummate settlement upon sale of the Property

## II.     JURISDICTION AND VENUE

4. Jurisdiction is vested in this Court by 28 USC 1332(a)(i) as Plaintiff and Defendant have diversity of citizenship and the amount in controversy exceeds $75,000.

5. In accordance with 28 USC 1391(b)(2), venue is proper in this judicial district as Plaintiff is a resident of Maryland and the subject matter of the controversy, *i.e.* the Property in question, is located in the State of Maryland.

6. In connection with the acts, conduct, and other wrongs alleged herein, Defendants, either directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications, and internet communications.

## III.    FACTS.

7. Defendant listed the Property for sale with Fairfax Realty Select, 3190 Fairview Park Drive, Suite 100, Falls Church, Virginia 22042, David Rodriguez, sales associate.  After some discussions, Plaintiff submitted a contract offer on March 16, 2021, which was duly accepted by Defendant the following day.  A true copy of the Contract is appended as Exhibit "A" hereto and made a part hereof.  Plaintiff promptly posted the required earnest money deposit of $5,000 ("Deposit") with James J. Fitzgibbons LLC, the Escrow/Settlement Agent named in the Contract.  The Contract provided for settlement to occur March 31, 2021.  There subsequently was some discussion about adjusting the closing date; however, as Defendant declined to agree to a different

date, Rene Gomez, Managing Member of Plaintiff, appeared for the scheduled settlement on March 31, 2021, at Mr. Fitzgibbon's office, 13321 New Hampshire Avenue, Suite 110, Silver Spring, Maryland 20904.  Mr. Gomez executed all purchaser's settlement documents and tendered the full amount due of $163,981.14 (inclusive of the Deposit) in immediately available funds in accordance with the HUD No. 1 Settlement Statement prepared by Mr. Fitzgibbons.  A true copy of the Settlement Statement is appended as Exhibit "B" hereto and incorporated in this Complaint.  Although Defendant Seller has not objected to Exhibit "B", he failed to appear at settlement.

8. By letter of April 4, 2021, a copy of which is appended as Exhibit "C" hereto, Mr. Fitzgibbon advised Defendant that (i) Plaintiff had timely tendered settlement in compliance with the Contract; (ii) Defendant was in default of his contractual obligations; and (iii) Plaintiff reserved "*the right to pursue all rights and remedies available to it under Paragraphs 34 and 36 of the Contract.*"

9. Paragraph 34 of the Contract states, in pertinent part,

"*…If Seller fails to make full settlement or is in default due to Seller's failure to comply with the terms, covenants and conditions of this Contract, Buyer shall be entitled to pursue such rights and remedies as may be available, at law or in equity,* **including, without limitation, an action for specific performance of this contract and/or monetary damages***…*" [emphasis added].

10. Paragraph 36 provides, in pertinent part,

"*In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract including, but not limited to, breach of contract…, the prevailing party in such action or proceeding shall be entitled to receive reasonable attorney's fees from the other party as determined by the court or arbitrator….*".

11. The undersigned counsel for Plaintiff has contacted David Rodriguez on several occasions cautioning him that if Defendant continues to refuse to consummate settlement, Plaintiff would be forced to file this action for specific performance and that this could subject Defendant

3

to significant attorney's fees and costs. Mr. David Rodriguez has represented to counsel that he has communicated these messages to Defendant Moises Rodriguez.

12. Despite due demand, Defendant has failed and refused to consummate settlement or even to communicate his intentions in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

a) Enter an Order granting Plaintiff the right to specific performance of the Contract ;

b) Appoint James J. Fitzgibbons, an independent trustee, or other suitable officer and direct same to execute an appropriate General Warranty Deed, HUD No. 1 Settlement Statement (with property taxes and utilities pro-rated to the actual date of execution of the deed of conveyance, and such other documents as reasonably required by the settlement agent, James J. Fitzgibbons LLC and/or the title insurance company selected by said settlement agent;

c) Award attorney's fees and costs to Plaintiff in such amount as deemed fair and proper by this Court;

d) Direct the settlement agent to deduct such attorney's fees and costs, as well as any fee due to the person appointed to execute the Deed, from the sales proceeds prior to disbursement to Defendant Seller; and

e) Any other necessary and appropriate relief that is just and proper.

Date: July 19, 2021

Respectfully Submitted:

*Greg S. Friedman*
_____
Greg S. Friedman (11676)
6216 Mazwood Road
Rockville, Maryland 20852-3528
(301) 897-9130, FAX (301) 686-6612
*Friedman.g@gmail.com*
Attorney for Plaintiffs