# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

PACIFIC HOME IMPROVEMENT, LLC,

   Plaintiff,

v.

MOISES RODRIGUEZ,

   Defendant.

Civil Action No. TDC-21-1788

## MEMORANDUM OPINION

Plaintiff Pacific Home Improvement, LLC ("PHI") has filed a civil action against Defendant Moises Rodriguez in which it alleges that Rodriguez breached a contract to sell a parcel of real property in Clinton, Maryland and seeks specific performance. Pending before the Court is Rodriguez's Motion to Dismiss on the grounds that PHI violated the terms of the contract by filing suit before undergoing mediation of the dispute. ECF No. 25. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local Rule 105.6. For the reasons set forth below, the Motion will be GRANTED, and this case will be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Prior to March 2021, Defendant Moises Rodriguez, a resident of Virginia, owned a residential property located at 10604 Ridge Drive in Clinton, Maryland ("the Property"). In its Complaint, PHI alleges that on March 16, 2021, it submitted an offer to purchase the Property. On March 17, 2021, the parties, using a standard form contract for the purchase and sale of a single-family residence in Maryland, entered into a Residential Contract of Sale ("the Contract")

relating to the Property. Under the Contract, Rodriguez agreed to sell the Property to PHI for $159,000, with the settlement to occur on March 31, 2021. Although the parties discussed adjusting the closing date, no agreement was reached to modify it.

According to PHI, on March 31, 2021, Rene Gomez, the managing member of PHI, appeared for the settlement, tendered the purchase price, closing costs, and prorated property taxes, and signed all relevant documents. Rodriguez, however, did not appear at the settlement, so closing did not occur.

On July 19, 2021, PHI filed the present action in this Court, based on diversity jurisdiction, in which it alleges a breach of the Contract and seeks specific performance in the form of a requirement that Rodriguez complete the sale of the Property to PHI, as well as attorney's fees and costs. In advancing its claim, PHI invokes paragraph 34 of the Contract, entitled "Default," which states in relevant part:

> Buyer and Seller are required to and agree to make full settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof . . . If Seller fails to make full settlement or is in default due to Seller's failure to comply with the terms, covenants and conditions of this Contract, Buyer shall be entitled to pursue such rights and remedies as may be available, at law or in equity, including, without limitation, an action for specific performance of this Contract and/or monetary damages.

Contract ¶ 34, ECF No. 1-1.

As relevant to the pending Motion, paragraph 35 of the Contract, entitled "Mediation of Disputes" ("the Mediation Clause"), provides that the parties agreed to mediate any disputes relating to the Contract:

> Buyer and Seller agree that any dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract shall be mediated through the Maryland REALTORS®, Inc. or its member local boards/associations in accordance with the established Mediation Rules and Guidelines of Maryland REALTORS® or through such other mediator or mediation service as mutually agreed upon by Buyer and Seller, in writing.

*Id.* ¶ 35. The parties further agreed that they would mediate any disputes before initiating litigation:

> Buyer and Seller further agree that the obligation of Buyer and Seller to mediate as herein provided shall apply to all disputes or claims arising whether prior to, during, or within one (1) year following the actual contract settlement date or when settlement should have occurred. Buyer and Seller agree that neither party shall commence any action in any court regarding a dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract, without first mediating the dispute or claim, unless the right to pursue such action or the ability to protect an interest or pursue a remedy as provided in this Contract, would be precluded by the delay of the mediation. In the event the right to pursue such action, or the ability to protect an interest or pursue a remedy would be precluded by the delay, Buyer and Seller may commence the action only if the initial pleading or document commencing such action is accompanied by a request to stay the proceeding pending the conclusion of the mediation.

*Id.* The Mediation Clause further provides that "If a party initiates or commences an action in violation of this provision, the party agrees to pay all costs and expenses, including reasonable attorneys' fees, incurred by the other party to enforce the obligation." *Id.*

## DISCUSSION

Where Rodriguez is self-represented, the Court has liberally construed his filing in response to the Complaint as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because, among other assertions, he cites the Mediation Clause and states that PHI "filed this case incorrectly because the . . . contract specifies that there will only be mediation first, no lawsuits." Mot. at 2, ECF No. 25; *see Stone & Webster, Inc. v. Ga. Power Co.*, 968 F. Supp. 2d 1, 6 (D.D.C. 2013) (considering a motion to dismiss for failure to comply with a mediation clause in a contract as a motion to dismiss pursuant to Rule 12(b)(6)).

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

In considering the Motion, the Court may consider the Contract, which is attached to the Complaint. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Courts are permitted to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Here, Rodriguez has attached to his Motion documents in addition to the Contract, but only the Contract is integral to the Complaint. Accordingly, the Court will not consider the attachments to the Motion other than the Contract itself. *See* Fed. R. Civ. P. 12(d).

## II. Mediation Agreement

Rodriguez argues that this case should not proceed because PHI filed suit in direct violation of the Contract's requirement in the Mediation Clause that the case first proceed to mediation before either party may file a civil action in court. Courts have frequently enforced contractual provisions requiring the parties to engage in mediation before filing suit by dismissing the case if the requirement was not satisfied. *See, e.g. Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 651-52 (E.D. Va. 2010) (stating that the "failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal") (collecting cases);

*Pruett v. U.S. Bank Nat'l Ass'n*, No. 1:12CV00006, 2012 WL 5465554, at *2 (W.D. Va. May 4, 2012); *3-J Hospitality, LLC v. Big Time Design, Inc.*, No. 09-61077-CIV, 2009 WL 3586830, at *2 (S.D. Fla. Oct. 27, 2009); *Brosnan v. Dry Cleaning Station, Inc.*, No. C-08-02028 EDL, 2008 WL 2388392, at *1-2 (N.D. Cal. June 6, 2008); *see also Kemiron Atlantic, Inc. v. Aguakem Intern., Inc.*, 290 F.3d 1287, 1291 (11th Cir. 2002) (holding that the failure to request mediation, which was a condition precedent to the parties' arbitration clause, precluded enforcement of the arbitration clause).

In so ruling, courts have applied different reasoning. Some have concluded that a mediation clause, which requires a form of alternative dispute resolution, is akin to an arbitration clause and is thus subject to the requirements of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2018), which generally provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* § 2. *See, e.g., AMF Inc. v. Brunswick Corp.*, 621 F. Supp. 456, 459-60 (E.D.N.Y. 1985) (finding that a contractual provision requiring the parties to first submit an issue to an "agreed upon advisory third party" to provide a non-binding advisory opinion before pursuing litigation was subject to the FAA); *Sekisui TA Industries v. Quality Tape Supply*, No. DKC-08-2634, 2009 WL 2170500 at *5 (D. Md. July 17, 2009) (assuming that mediation is a form of arbitration for purposes of the FAA).

Other courts, however, have enforced mediation clauses separate and apart from any provisions of the FAA based on general contract law principles. *See, e.g., Tattoo Art, Inc.*, 711 F. Supp. 2d at 651-52 (requiring dismissal because "[a]s with any other contract, this Court cannot simply ignore the clear intent of the parties"); *3-J Hospitality, LLC*, 2009 WL 3586830, at *2

5

(dismissing because the mediation requirement was a "condition precedent" to litigation); *Pruett*, 2012 WL 5465554, at *2 (dismissing because the "condition precedent to filing the lawsuit as required by the Agreement" was not satisfied).

Although the United States Court of Appeals for the Fourth Circuit has found that the FAA applies to require the enforcement of an arbitration clause where the arbitration would be non-binding, it has not addressed whether a mediation clause is covered by the FAA. *See United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 & n.4 (4th Cir. 2001).

Regardless of whether the FAA applies to a mediation clause, the Court finds that based on state contract law principles, a contractual provision requiring mediation before the filing of litigation is enforceable. Indeed, in a Maryland case in which a civil action was filed without first having complied with a contractual mediation requirement, the court stated that "[a]s a matter of Maryland common law ... a written agreement to submit either an existing or a future dispute to a form of alternative dispute resolution that is not otherwise against public policy will be enforced at least to the same extent that it would be enforced if the chosen method were arbitration." *Annapolis Professional Firefighters Local 1926 v. City of Annapolis*, 642 A.2d 889, 894-95 (Md. Ct. Spec. App. 1994); *cf. Clark v. Elza*, 406 A.2d 922, 928 (Md. 1979) (stating that an agreement to settle a case is to be treated as a binding contract and finding that the underlying tort action should have been barred from proceeding in violation of the settlement agreement). The mutual exchange of promises to engage in mediation before filing suit is sufficient consideration to enforce such a mediation clause. *See Holmes v. Coverall N. Am.*, 649 A.2d 365, 370 (Md. 1994).

Here, the plain language of the Mediation Clause establishes that PHI's filing of the Complaint in this case violated its terms. First, the clause provides that the parties "agree that any dispute or claim arising out of or from this Contract or the transaction which is the subject of this

6

Contract shall be mediated." Contract ¶ 35. There can be no dispute that PHI's claim arises out of or from the Contract or the transaction. Indeed, PHI asserts in the Complaint that its claim for specific performance is authorized by paragraph 34 of the Contract. Moreover, the Mediation Clause specifically contemplates the very dispute at issue in the Complaint—a claim based on a failure to consummate settlement—as it states that the obligation to engage in mediation applies to "all disputes or claims arising whether prior to, during, or within one (1) year following the actual contract settlement date *or when settlement should have occurred.*" *Id.* (emphasis added).

Second, the Mediation Clause provides that "neither party shall commence any action in any court regarding a dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract, without first mediating the dispute or claim." *Id.* There is no dispute that PHI did not initiate or even request mediation before filing suit. The Court therefore finds that PHI filed this case in violation of the Mediation Clause.

In opposing the Motion, PHI offers two arguments for why the Complaint should not be subject to dismissal based on the violation of the Mediation Clause. First, PHI argues that it could not contact Rodriguez to propose mediation. Beyond the fact that PHI had no apparent difficulty effecting service on Rodriguez, the Contract provides no exception to the mediation requirement for temporary difficulty in contacting a party. Relatedly, PHI's speculation that Rodriguez would not have voluntarily participated in a mediation session does not excuse its failure to initiate the mediation process.

Second, PHI argues that the Mediation Clause should apply only to claims for monetary damages, and that a claim for specific performance or other equitable relief should not be subject to the mediation requirement. It reasons that because mediation is a non-binding consensus process often used to negotiate monetary damages, it is an ill-suited mechanism to resolve a claim

7

for specific performance. Again, this argument is foreclosed by the plain language of the Mediation Clause, under which the mediation requirement applies to "any" dispute or claim arising from the Contract, with no distinction between claims for damages or equitable relief. *Id.*

Furthermore, because a mediation inherently allows for any resolution to which the parties agree, the fact that PHI is presently seeking specific performance does not necessarily preclude a successful resolution through mediation. Upon an offer of additional compensation, a party could agree to sell a property it previously refused to sell. Alternatively, the opposing party could agree to relinquish a claim of specific performance if offered sufficient financial compensation. Compliance with a mediation requirement can also serve the useful purpose of narrowing the issues in dispute "even if full resolution cannot be reached." *Sekisui TA Industries*, 2009 WL 2170500, at *6 (rejecting the argument that compliance with a mediation clause should be excused because mediation would have been "wasteful and futile"). Notably, a district court within the Fourth Circuit has found a mediation clause enforceable even when the plaintiff sought specific performance. *See Pruett*, 2012 WL 5465554, at *1-2 (dismissing a breach of contract claim seeking specific performance because the plaintiff violated a contract clause requiring nonbinding mediation before filing suit). The Court therefore rejects the argument that PHI did not have to comply with the Mediation Clause because it sought specific performance.

By failing to even attempt mediation before filing suit, PHI breached the Contract and failed to comply with a condition precedent to suit. Consistent with the case law on this issue, dismissal is therefore warranted. *See, e.g., Tattoo Art, Inc.*, 711 F. Supp. 2d at 651-52; *3-J Hospitality, LLC*, 2009 WL 3586830 at *2; *Pruett v. U.S. Bank Nat'l Ass'n*, 2012 WL 5465554, at *2.

8

In the alternative, PHI requests that rather than dismiss the case, the Court should either assign a United States magistrate judge as a mediator or stay the case while the parties engage an independent mediator. Where the Mediation Clause specifically provides that the mediation shall occur through the Maryland Realtors pursuant to that organization's Mediation Rules and Guidelines, the appointment of a magistrate judge as a mediator would cause another violation of the terms of the Contract. More importantly, either proposed alternative to dismissal would perpetuate the violation of the Mediation Clause, which specifically provides that the mediation must occur before the filing of suit, not after the case has already begun, and that any request for a stay pending mediation must be made in the "initial pleading or document commencing [the] action." Contract ¶ 35. Finally, where PHI continues to seek to enforce certain provisions of the Contract against Rodriguez, it would be improper to excuse PHI's violation of another provision of the Contract, the Mediation Clause, by granting the requested stay. *See United States v. Bankers, Inc.*, 245 F.3d 315, 323 (4th Cir. 2001) ("[N]o party suing on a contract should be able to enforce certain contract provisions while simultaneously attempting to avoid the terms of an arbitration provision contained therein."). Because PHI entirely failed to comply with the Mediation Clause, the Court will enforce that provision and dismiss this case without prejudice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss will be GRANTED, and the Complaint will be DISMISSED WITHOUT PREJUDICE. A separate Order shall issue.

Date: October 20, 2022

THEODORE D. CHUANG
United States District Judge