UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PACIFIC HOME IMPROVEMENT, LLC,

    Plaintiff,

    v.

MOISES RODRIGUEZ,

    Defendant.

Civil Action No. TDC-21-1788

**MEMORANDUM ORDER**

On October 21, 2022, the Court granted Defendant Moises Rodriguez's Motion to Dismiss and dismissed this case without prejudice. ECF No. 31. On September 28, 2023, Plaintiff Pacific Home Improvement, LLC ("PHI") filed a Motion to Reinstate the Complaint and for Sanctions, requesting that the Court reinstate the Complaint and set the matter for further proceedings and award PHI sanctions against Rodriguez for attorney's fees. ECF No. 32. The Court construes PHI's Motion as seeking reconsideration of the case under Federal Rule of Civil Procedure 59(e) or, alternatively, relief from the Court's judgment under Rule 60. However, since the conditions for this Court's reconsideration or post-judgment relief are not met under either Rule, Plaintiff's Motion will be denied.

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). PHI filed its Motion to Reinstate the Complaint and for Sanctions 11 months after this Court granted Rodriguez's Motion to Dismiss. ECF No. 31. Thus, PHI's Motion is untimely pursuant to Rule 59(e).

PHI's Motion also fails under Rule 60. Under Rule 60(b), a motion seeking relief from a final judgment may be granted for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). Granting relief from a judgment under Rule 60(b) is an "extraordinary" remedy in light of "the sanctity of final judgments, expressed in the doctrine of res judicata." *United States v. Welsh*, 879 F.3d 530, 536 (4th Cir. 2018) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

The Court granted Rodriguez's Motion to Dismiss based on PHI's noncompliance with the Mediation Clause included in the Residential Contract of Sale entered into by both parties. Mem. Op. at 9, ECF No. 30. PHI now argues for post-judgment relief on the basis that Rodriguez misrepresented his intent to mediate by failing to pursue mediation of the dispute. However, the fact that Rodriguez has not engaged in timely mediation with PHI does not change the Court's prior analysis that the Mediation Clause had to be enforced in the original suit. PHI's argument largely repeats its briefing in opposition to the Motion to Dismiss, which the Court has already considered. Finding that PHI has not established grounds for relief under Rule 60(b)(3), it is hereby ORDERED that PHI's Motion to Reinstate Complaint and for Sanctions, ECF No. 32, is DENIED.

Date: November 21, 2023

THEODORE D. CHUANG
United States District Judge